Filed 2/21/24  P. v. Price CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082274 |
| v. | (Super.Ct.No. BLF002735) |
| WALTER DEWEY PRICE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thoms E. Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Appeal dismissed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Walter Dewey Price appeals from an order of the Riverside County Superior Court summarily denying his Penal Code section 1172.6[1] motion for resentencing on his murder conviction. We will dismiss.

### BACKGROUND[2]

While defendant was serving time in prison for voluntary manslaughter of Yvonne Gilmore, who died by strangulation, a jury convicted him of first degree murder of his cellmate, Jamel Banks, who also died from strangulation. The trial court sentenced defendant to a term of 55 years to life, to run consecutive to the sentence he was then serving. Defendant appealed his conviction to this court and we affirmed the judgment. (*Price I.*, *supra*, E047834.)

In August 2023, defendant filed a section 1172.6 petition for resentencing on the first degree murder conviction. The trial court set a status conference hearing and appointed counsel. At the hearing, the People represented that defendant's counsel had been provided a copy of the jury instructions. They moved to dismiss the petition on the grounds that defendant was convicted of strangulation murder and that the jury was not instructed on the theories of natural and probable consequences, aiding and abetting, felony murder, or any other theory by which malice could possibly be imputed to

---

**1**    All further statutory references are to the Penal Code.

**2**    Some facts recited in this section are taken from this court's opinion issued in defendant's prior appeal, *People v. Price* (Oct. 13, 2010, E047834) [nonpub. opn.] (*Price I.*). We have taken judicial notice of that opinion on the court's own motion.

2

defendant. Defendant's counsel submitted, noting that it appeared the case involved a solo killing of a cellmate.

The trial court denied the petition. Defendant timely noticed this appeal and we appointed counsel to represent him.

We granted defendant's motion to augment the record with the instructions given to the jury.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 that does not raise any issues. The brief includes a request for this court to exercise its discretion to independently review the record for the reasons articulated in *People v. Griffin* (2022) 85 Cal.App.5th 329, and sets forth two potentially arguable issues for our consideration:

(i)     whether the trial court prejudicially erred when it denied the petition without stating that it reviewed the record and what parts it reviewed, and by relying only on the representations of counsel; and,

(ii)    whether the trial court prejudicially erred in denying the petition without expressly stating a reason for the denial.

Upon receipt of the opening brief, we advised defendant that, because the appeal is from the denial of a postconviction proceeding, this court is not required to conduct an independent review of the record, and cited *People v. Delgadillo*, *supra*, 14 Cal.5th 216. We invited defendant to file any supplemental brief deemed necessary and advised him

3

that failure to do so might result in dismissal of the appeal as abandoned.  Defendant did not file a brief.

Neither defendant nor his counsel have presented an issue and upon our review of the record, we do not find any error.  Accordingly, we dismiss defendant's appeal.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

MILLER

J.

CODRINGTON

J.

4